IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv361

| | |
|---|---|
| MELISSA ANN SLUDER KING, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Receive New and Material Evidence [Doc. 15] and Defendant's Consent Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) [Doc. 26].

The instant claim stems from a final Agency denial of a February 27, 2004 application [T. 79-81] for a period of disability and Disability Insurance Benefits, claiming a period of disability that began with an onset date of November 1, 2002 and ended with an ALJ's decision dated February 20, 2008 denying the Plaintiff benefits. [T. 16-23].

What Plaintiff submits as new evidence is a favorable decision on a

different claim having an onset date of February 21, 2008, one day later than the end of the period in issue here. No statement of the applicable legal standard or the relationship between it and the proffer is offered. Instead, Plaintiff attaches the Order of Remand applicable to an entirely unrelated claimant who also happened to get a favorable decision on a later claim beginning one day after the end of the prior denied claim. It is referenced with the "suggest[ion] that the procedure followed in the [unrelated] case is an appropriate procedure to now follow in this case."

This does not state a basis upon which the Court can grant Plaintiff's motion. A very similar motion was made in <u>Jackson v. Astrue</u>, 1:09cv467 before this Court. As discussed in the Court's order in that case, a motion based on mew and material evidence or newly discovered evidence under Rule 60 must meet some very particular criteria in order to be considered. Plaintiff has not even attempted to articulate to this Court how the decision comes within that criteria. Therefore, for the same reasons as stated in this Court's Order entered July 12, 2011 in <u>Jackson</u>, Plaintiff's motion is denied.

Those defects notwithstanding, the Defendant, Michael Astrue, Commissioner of Social Security, moves this Court, pursuant to sentence six of 42 U.S.C. § 405(g), to enter a judgment remanding the cause for

further administrative proceedings.

Upon careful review of the Defendant's Motion, and for good cause shown, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence [Doc. 25] is **DENIED** and Defendant's Consent Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) [Doc. 26] is **GRANTED**.

Pursuant to the power of this Court to enter a judgment remanding in Social Security actions under sentence six of 42 U.S.C. § 405(g), this Court hereby **REMANDS** this cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

On remand, the Commissioner will resolve the inconsistency between the two administrative decisions, namely the denial that is the subject of the instant case and the subsequent favorable decision that is the subject of Plaintiff's Motion for Receipt of New and Material Evidence. [Doc. 25].

**IT IS SO ORDERED.**

Signed: August 10, 2011

Martin Reidinger
United States District Judge