IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv361

| | |
|---|---|
| MELISSA ANN SLUDER KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Payment of Attorney Fees. [Doc. 28].

## I. PROCEDURAL HISTORY

The Plaintiff Melissa Ann Sluder-King initiated this action on September 17, 2009. She filed her Motion for Summary Judgment on August 16, 2010. [Doc. 18]. Defendant filed his Motion for Summary Judgment on September 1, 2010. [Doc. 21]. While these motions were pending, the Plaintiff received a favorable decision on a later-filed claim for Social Security disability benefits. [Doc. 25-1]. She filed a Motion for Receipt of New and Material Evidence seeking consideration of that

favorable decision in this matter. [Doc. 25]. Defendant responded with a Motion to Remand Pursuant to Sentence Six of 42 USC § 405(g). [Doc. 26]. Within that motion, he indicated Plaintiff's consent to the terms of the remand, and Plaintiff has not challenged that assertion. [Doc. 26 p. 2]. On August 10, 2011, this Court entered an order allowing Defendant's motion. [Doc. 27]. Plaintiff filed, on September 9, 2011, a Motion for Payment of Attorney Fees under the Equal Access to Justice Act. [Doc. 28]. Defendant filed a response asserting that attorney fees are not available under the EAJA for a remand made pursuant to Sentence Six of 42 USC § 405(g). [Doc. 29].

## II. ANALYSIS

The filing of a petition for attorney fees under the Equal Access to Justice Act is triggered by the entry of a final judgment, among other requirements. 28 U.S.C. § 2412(d)(1)(B).

Congress has limited judicial review of the final decisions of the Social Security Administration. Those limitations are expressed in 42 USC § 405(g), setting out two forms of remand. The form that the parties selected in Defendant's Motion to Remand, commonly described as Sentence Six, allows as follows:

> . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. . . .

42 USC § 405(g).

A Sentence Six remand does not effect a final judgment.[1] *See* Melkonyan v. Sullivan, 501 U.S. 89, 101-2 (1991). Accordingly, this Court did not enter a judgment accompanying its Sentence Six remand order.

---

[1] In fact, "[i]n sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." Id.

As no final judgment has been entered, Plaintiff's Motion fails to state an allowable basis.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Payment of Attorney Fees [Doc. 28] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: September 14, 2011

Martin Reidinger
United States District Judge